Case No. 15-7156
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

ORAL ARGUMENT NOT SCHEDULED

CASE BEING CONSIDERED FOR TREATMENT PURSUANT TO
RULE 34 (j) OF THE COURT'S RULES

| | |
|---|---|
| In the Matter of | ) |
| Stephen Thomas Yelverton, Debtor, | ) District Court Case |
| | )   No. 1:15-cv-01884-TSC |
| | ) |
| Stephen Thomas Yelverton, Debtor | )  Bankruptcy Case |
| | )   No. 09-00414 |
| Appellant | ) |
| | )   Involuntarily Converted |
| | )    from Chapter 11 to 7 |
| | ) |

Appeal from the United States District Court and Bankruptcy Court
for the District of Columbia

BRIEF AND APPENDIX OF DEBTOR/APPELLANT

Stephen Thomas Yelverton, Debtor, *Pro Se*
3033 Wilson Blvd., Suite E-117,
Arlington, VA 22201
Tel. 202-702-6708 (mobile)
 styelv@aol.com

1

Certificates as to Parties, Rulings, and Related Cases

   (a) The only party who appeared before the Bankruptcy Court, the District Court, and before this Circuit Court is Stephen Thomas Yelverton, Debtor, *Pro Se*.  The persons and parties who only appeared before the Bankruptcy Court are Wendell W. Webster, Esq., as Chapter 7 Trustee; and Deborah Y. Marm and Phyllis Y. Edmundson, who are <u>not</u> Creditors, but are Bankruptcy "insiders."

   (b) The Rulings under review are final decisions from the District Court in Case No. 1:15-cv-01884-TSC in <u>Order of Dismissal</u>, entered November 5, 2015, at Docket No. 5;  and the <u>Order</u>, entered November 2, 2015, at Docket No. 4.  The underlying final decisions of the Bankruptcy Court in Case No. 09-00414 are also Appealed, which include <u>Memorandum Decision and Order Denying Motion for Leave to Proceed In Forma Pauperis</u>, entered October 29, 2015; <u>Order Re Motion for Leave to Appeal Bankruptcy Matter and the Related Notice of Appeal</u>, entered October 20, 2015; <u>Memorandum Decision and Order Denying Debtor's Motion for Reconsideration per FRBP, Rule 9014 (c) and FRCP, Rule 54(b), for Avoidance of Judicial Lien, pursuant to 11 U.S.C 522 (f)(1)(A) and (i)(1)</u>, entered September 11, 2015; the <u>Memorandum Decision Re Debtor's Motion for Avoidance of Judicial Lien, pursuant to 11 U.S.C. 522 (f)(1)(A) and (i)(1)</u>, entered September 11, 2015; and the <u>Order RE Debtor's Motion for Avoidance of Judicial Lien pursuant to 11 U.S.C. (f)(1)(A) and (i)(1)</u>, entered September 11, 2015, at Bankruptcy Docket Nos. 908, 909, 921, 928, and 938.

   (c) Related Cases

   This case on review has not previously been before this Circuit Court.  A related case before this Circuit is Case No. 11-7063, which involved the same persons or parties and was Dismissed as Moot in view of the Chapter 7 Trustee's Settlement Agreement with <u>non</u>-Creditors and Bankruptcy "insiders," Deborah Y. Marm and Phyllis Y. Edmundson.

   Circuit Rule 26.1 Corporate Disclosure Statement

   This Statement is <u>not</u> required because the Appellant/Debtor is an Individual.

Table of Contents

Page (s)

Certificate as to Parties, Rulings,
   and Related Cases …………………………………………..  2

Table of Contents ……………………………………………...  3

Table of Cases and Authorities …………………………….…  4-5

Statement of Basis of Appellate Jurisdiction ……………………  6

Statement of Issues presented for Review ………………………  8

Concise Statement of the Case and Relevant Facts ……………  8

Summary of Arguments ………………………………………  12

Arguments ……………………………………………………  13

   (a)  The transfer and property for Avoidance and Exemption
       by the Debtor under 11 U.S.C. 522 is property of
       the Estate ………………………………………………  13

   (b)  The Debtor's claims comply with statutory law and
       with Supreme Court precedent as to 11 U.S.C. 522
       and are well-grounded in fact …………………………  16

Conclusions and Requested Relief ………………………….…  19

Certificate of Word Count……………………………………  19

Certificate of Service ……………………………………….…  20

Appendix Index ……………………………………………….  21

Appendix includes reproduction of pertinent Statutes and Rules

## Table of Cases and Authorities

Page (s)

*Ferrey v. Sanderfoot,
   500 U.S. 291, 296 (1991) ………………………………………… 16

 *In Re Allen,
   768 F.3d 274, 281-282 (3rd Cir. 2014) …………………………… 13

In Re Colonial Realty, Inc.,
   980 F.2d 125, 131 (2nd Cir. 1992) ……………………………….. 13

*In Re Johnson,
   57 B.R. 635, 639 (N.D. Ill. 1986) ……………………………….. 18

*In Re Powell,
   851 F.2d 427, 430-431(D.C. Cir. 1988) ……………………. …… 18

*In Re Yazzie,
   24 B.R. 576, 577 (9th Cir. B.A.P. 1982) ………………………… 7, 16

*Law v. Siegel,
   134 S.Ct. 1188, 1195-1196 (2014) ……………………………….. 15

*McGuirl v. White,
    86 F.3d 1232, 1234-1236 (D.C. Cir. 1996) ……………………… 6

*Neitzke v. Williams,
   490 U.S. 319, 325 (1989) ……………………………………….. 18

*Owen v. Owen,
   500 U.S. 305, 308 (1991) ………………………………………. 13

*Sills v. Bureau,
   761 F.2d 792, 794-795 (D.C. Cir. 1985) ………………………….. 18

*Taylor v. Freeland & Kronz,
   503 U.S. 638, 642-644 (1992) …………………………………… 15

Page (s)

*U.S. v. Whiting Pools, Inc.,
    462 U.S. 198, 205 (1983) …………………………………………    13

*11 U.S.C. 101 (36) ………………………………………………….    16

*11 U.S.C. 522 ……………………………………………………  6-7, 10-19

*11 U.S.C. 541 …………………………………………………………  13, 19

11 U.S.C. 548 ………………………………………………… 7, 9, 13-14

11 U.S.C. 550 ……………………………………………………… 9, 13

*FRBP, Rule 4003 (d) ………………………………………………….    16

  *Authorities chiefly relied upon

## Statement of Basis of Appellate Jurisdiction

1. This is a timely Appeal of a final Order from the U.S. District Court for the District of Columbia, pursuant to 28 U.S.C. 1291, of <u>Order of Dismissal</u>, entered November 5, 2015.  The Notice of Appeal was timely filed on December 7, 2015.  The Notice of Appeal from the Bankruptcy Court was timely filed on October 5, 2015, which had been filed within 14 days, pursuant to 28 U.S.C. 158 (a)(1), with respect to the final Order in Bankruptcy on September 22, 2015. The Debtor/Appellant has now paid the filing fee for the Appeal to the Circuit Court.

2. The Bankruptcy Court and the District Court made <u>no</u> actual findings of fact, but only conclusions of law. Thus, review by this Circuit Court would be *de novo*.

3. The Debtor/Appellant has Article III standing on Appeal in view of having over $1 Million in Non-Discharged debts for domestic support. <u>McGuirl v. White</u>, 86 F.3d 1232, 1234-1236 (D.C. Cir. 1996).  Because every dollar that would be Exempted from property of the Estate under 11 U.S.C. 522 would then be available to pay Non-Discharged debts, the Debtor has a direct and concrete injury in <u>not</u> being allowed such an Exemption to obtain a "fresh start" from Bankruptcy by being able to pay Non-Discharged debts from the Exempted property.

4.   Although this Appeal raises related issues that were in Case No. 11-7063, with the same parties, there is <u>no</u> Res Judicata.  In <u>Order</u>, filed August 6, 2015, this Circuit Court ruled that Case No. 11-7063 was "Moot," in view of the underlying property being included in the Chapter 7 Trustee's Settlement Agreement with Deborah Y. Marm, and where there was <u>no</u> final adjudication on the merits of the Debtor's claims in that proceeding.

5.   There is <u>no</u> Collateral Estoppel as to jurisdiction. This proceeding now on Appeal is under the jurisdictional basis of 11 U.S.C. 522, whereas Case No. 11-7063 was solely under 11 U.S.C. 548.

6.   There is <u>no</u> statute of limitations on a Debtor taking an Exemption under 11 U.S.C. 522. <u>In Re Yazzie</u>, 24 B.R. 576, 577 (B.A.P. 9th Cir. 1982).

7.   Taking an Exemption under 11 U.S.C. 522 is solely the personal right of the Debtor, as being the only allowed claimant in the statute, where the Chapter 7 Trustee or other persons are <u>not</u> named.  <u>Yazzie</u>, <u>id</u>., at 577-578.  Thus, the Debtor has sole standing to pursue this Appeal, who is "prudentially" within the statutory "zone of interests" to be protected.

8.   The same property of the Estate that was Exempted by the Debtor under 11 U.S.C. 522 (b) in this proceeding on Appeal was determined by this Circuit Court in Case No. 11-7063 to be property of the Estate.  See, <u>Order</u>, at p. 2, filed August 6, 2015.  Thus, this determination is conclusive.

7

<u>Statement of Issues Presented for Review</u>

9.  The Issues of Law presented for *de novo* Appellate Review are:

(a) The transfer and property for Avoidance and Exemption by the Debtor under 11 U.S.C. 522 is property of the Estate.

(b) The Debtor's claims comply with statutory law and Supreme Court precedent as to 11 U.S.C. 522 and are well-grounded in fact.

<u>Concise Statement of the Case and Relevant Facts</u>

10. Yelverton, as fee simple owner, gifted on June 4, 2007, to himself and his wife, Alexandra Nicole Senyi de Nagy-Unyom (a citizen of Austria and resident of France), as Tenants by the Entireties, a 277 acre tract of land in Wayne County, North Carolina, known as the "Yelverton Homeplace," where his ownership had come from a series of family land trusts initially established in 1759, and from a court-ordered land partition.  Appx., Ex. 1.

11.  Yelverton's siblings, Deborah Y. Marm and Phyllis Y. Edmundson, had bitterly engaged in legal challenges in the Wayne County Superior Court to his ownership of the land because they were opposed to his foreign wife obtaining any ownership interest in the land from him.

12. The Wayne County Superior Court, on April 9, 2007, had denied the legal challenges of Marm and Edmundson as "frivolous" acts to cloud title, and ruled that Yelverton is the sole owner of the land in fee simple, and he is free to give it to his wife, or to sell it to foreign investors, or whomever.

13.  On August 24, 2007, Yelverton and his wife conveyed the 277 acre tract of land to Deborah Y. Marm, which was under coercion because the holder of a mortgage on the land had demanded immediate repayment, or foreclosure, and Marm and Edmundson had run off prospective purchasers. The law firm that represented the mortgage holder also represented Marm and Edmundson, The amount Marm paid for the land was substantially below market value, which left Yelverton insolvent.  Appx., Ex. 2.

14.  Debtor Yelverton filed his petition for Chapter 11 Bankruptcy on May 14, 2009, in Case No. 09-00414.  This was within two years of the date on June 4, 2007, that Yelverton gifted the 277 acre tract of land to himself and his wife as Tenants by the Entities, and then was coerced to convey it at substantially below market value to Deborah Y. Marm on August 24, 2007.

15.  As Chapter 11, the Bankruptcy was under the control of Debtor Yelverton. In January 2010, Debtor Yelverton commenced Adversary Proceeding No. 10-10004 against Deborah Y. Marm for a fraudulent conveyance in violation of 11 U.S.C. 548 and recovery under 11 U.S.C. 550. Her spouse, Walter J. Marm, was named as a co-Defendant only because he would have a statutory dower interest in the land under North Carolina law.

16. The Bankruptcy Court on July 10, 2010, granted Summary Judgment in favor of Marm in Adversary No. 10-10004, with no discovery.

17.  On August 20, 2010, Debtor Yelverton was involuntarily converted to Chapter 7, and was done so at the behest of Marm, who is <u>not</u> a Creditor, but is a Bankruptcy "insider" and a high-level Congressional aide.

18.  The Chapter 7 Trustee declined under Fed. R. Civ. P., Rule 25, to takeover prosecution of Adversary Proceeding No. 10-10004 against Deborah Y. Marm, and gave permission to Debtor Yelverton to continue the proceeding against her.

19.  The District Court, on April 5, 2011 in Case No. 10-cv-1494-RLW, affirmed the Bankruptcy Court in Adversary No. 10-10004, but did so with <u>no</u> *de novo* review.  It denied a Motion under Rule 59 (e) on May 26, 2011, which had raised "clear errors" of law.

20.  Debtor Yelverton took a timely Appeal on June 9, 2011, to this Circuit Court in Case No. 11-7063.

21.  On March 25, 2012, the Chapter 7 Trustee executed a Settlement Agreement with Deborah Y. Marm, where the claims in Adversary No. 10-10004 against her, and the 277 acre tract of land in North Carolina, would be included in the Settlement Agreement as property of the Estate.

22.   On July 23, 2012, Debtor Yelverton claimed Exemption of property from the Estate under 11 U.S.C. 522 (b), which included the 277 tract of land, as Tenants by the Entireties, and the related Adversary claims.

10

23.  The Chapter 7 Trustee filed <u>no</u> objection to Exemption of the 277 acre tract of land and related Adversary claims, although he objected to other matters.  Docket Nos.  487 and 514, entered July 23 and August 22, 2012.

24.  In <u>Order</u>, p. 2, filed August 6, 2015, this Circuit Court determined that Case No. 11-7063 and underlying Adversary Proceeding No. 10-10004 were "Moot" because the Chapter 7 Trustee had included that proceeding and the 277 acre tract of land in North Carolina to be within the Settlement Agreement, executed March 25, 2012, with Deborah Y. Marm.  This would make such property to conclusively be property of the Estate.

25.  On September 8, 2015, Debtor Yelverton filed with the Bankruptcy Court a Motion under 11 U.S.C. 522 (f) to Avoid a judicial lien on the 277 acre tract of land, which he had Exempted on July 22, 2012, as property of the Estate, with <u>no</u> Objections from the Chapter 7 Trustee, or any persons.

26.  The Bankruptcy Court denied the Motion to Avoid in <u>Memorandum Decision</u>, entered September 11, 2015, at Docket Nos. 908 and 909. It denied a Motion under Rule 59 (e) in <u>Memorandum Decision and Order</u>, entered September 22, 2015, at Docket No. 921.

27.  The Bankruptcy Court denied a Motion for Leave to Appeal in <u>Order Re Motion for Leave to Appeal</u>, entered October 20, 2015, at Docket No. 928, with respect to the Motion under 11 U.S.C. 522 (f).

11

28.  The Bankruptcy Court denied a Motion to Proceed IFP in Memorandum Decision and Order, entered October 29, 2015, at Docket No. 938, with respect to the Motion under 11 U.S.C. 522 (f).

29.  The District Court in Order of Dismissal, entered November 5, 2015, at Docket Nos. 4 and 5, dismissed the Appeal of Debtor Yelverton from the Bankruptcy Court to the District Court, with respect to the Motion under 11 U.S.C. 522 (f).

30. Debtor Yelverton timely filed an Appeal with this Circuit Court on December 7, 2015.  He has now paid the filing fee for this Appeal.

<u>Summary of Arguments</u>

31.  The Chapter 7 Trustee and all other persons <u>failed</u> to object to the Exemption of the 277 acre tract of land from the Estate under 11 U.S.C. 522 (b), which was taken by Debtor Yelverton on July 23, 2012.  With <u>no</u> objections, that property is now Exempt, even if the Exemption was improperly taken.   There is <u>no</u> time deadline to take the Exemption.

32.  On September 8, 2015, Debtor Yelverton properly filed a Motion under 11 U.S.C. 522 (f) to Avoid a Judicial Lien on the 277 acre tract of land.  There is <u>no</u> time deadline to file such a Motion.

33. Debtor Yelverton has complied with relevant statutory law and Supreme Court precedent.  Thus, his actions could <u>not</u> be "frivolous."

12

<u>Arguments</u>

(a) <u>The transfer and property for Avoidance and Exemption by the Debtor under 11 U.S.C. 522 is property of the Estate</u>

34.  The property of the Estate is to be broadly defined.  As stated by the Supreme Court in <u>U.S. v. Whiting Pools, Inc</u>., 462 U.S. 198, 205 (1983),  the provisions of 11 U.S.C. 541 (a)(1) are "intended to include in the Estate any property made available to the Estate by other [Code] provisions," such as "11 U.S.C. 548," or 11 U.S.C. 522.

35. This holding in <u>Whiting</u> does <u>not</u> make 11 U.S.C. 541 (a)(3) to be superfluous or redundant in view of that provision referring to 11 U.S.C. 550, and <u>not</u> to 11 U.S.C. 522 or 548.  The latter are Avoidance powers, while the former is a Recovery remedy, which are different, but complementary matters.  <u>Owen v. Owen</u>, 500 U.S. 305, 308 (1991).

36. Thus, property would be included within the Estate as subject to being Avoidable under 11 U.S.C. 522, or 548, and would also be included within the Estate after it is Recovered under 11 U.S.C. 550.

37.  Reliance solely upon <u>In Re Colonial Realty, Inc</u>., 980 F.2d 125, 131 (2nd Cir. 1992), is misplaced. The Circuits are <u>split</u> as to the meaning and import of 11 U.S.C. 541 (a)(3), as to property coming into the Estate under 11 U.S.C. 548, or other provisions. <u>In Re Allen</u>, 768 F.3d 274, 281-282 (3rd Cir. 2014), fraudulently sold property is included in the Estate.

38. Debtor Yelverton commenced an 11 U.S.C. 548 Avoidance action against Deborah Y. Marm in January 2010 in Adversary No. 10-10004 for fraudulently acquiring the 277-acre tract of land from him and his wife. This matter was determined to be "Moot," and not resolved on the merits by the Circuit Court in its Order, filed August 6, 2015, in Case No. 11-7063.

39. Under 11 U.S.C. 522 (h)(1) and (2), the "Debtor may Avoid a transfer of property of the Debtor to the extent that the Debtor could have Exempted such property if such transfer is Avoidable by the Trustee under 11 U.S.C. 548 and the Trustee does not attempt to Avoid such transfer."

40. Thus, Debtor Yelverton may act under 11 U.S.C. 522 (h) to Avoid the transfer of the 277-acre tract of land to Deborah Y. Marm because the Chapter 7 Trustee made no attempt to Avoid this transfer.

41. The Avoidance by the Debtor of the transfer of the 277-acre tract of land to Deborah Y. Marm would be under the jurisdictional basis of 11 U.S.C. 522, and not 11 U.S.C. 548, and thus there could be no Collateral Estoppel as to jurisdiction.

42. But regardless, this Circuit Court in Case No. 11-7063 in its Order, filed August 6, 2015, determined that the Chapter 7 Trustee's Settlement Agreement with Deborah Y. Marm included the claims in Case No. 11-7063 and the 277 acre tract of land as property of the Estate.

14

43. Because only property of the Estate could be included in the Settlement Agreement, it thus has already been conclusively determined by this Circuit Court that the 277 acre tract of land is property of the Estate.

44. As property of the Estate, it can be Exempted from the Estate under 11 U.S.C. 522 (b). This is what Debtor Yelverton did on July 23, 2012, and where the Chapter 7 Trustee and all other persons did not object.

45. It is established law that where the Debtor takes an Exemption of property from the Estate under 11 U.S.C. 522 (b), and there is no objection, the property claimed by the Debtor as Exempt is Exempt, even if there was an improper basis for the Exemption. Taylor v. Freeland & Kronz, 503 U.S. 638, 642-644 (1992).

46. It is moreover established law that there is no authority for a Bankruptcy Court to deny an Exemption under 11 U.S.C. 522, unless there is a valid statutory basis in Bankruptcy law or state law for denying it. Law v. Siegel, 134 S.Ct. 1188, 1195-1196 (2014).

47. Neither the Bankruptcy Court, nor the District Court, have identified at any time a valid statutory basis for denying Debtor Yelverton an Exemption of the 277 acre tract of land.

48. Debtor Yelverton was free to take the Exemption under 11 U.S.C. 522 (b), as either Tenants by the Entireties or as a Joint marital interest.

(b) <u>The Debtor's claims comply with  statutory law and</u>
<u>Supreme Court precedent as to 11 U.S.C. 522 and are well-grounded in fact</u>

49.  As being property of the Estate, the Debtor may Avoid the "fixing of a judicial lien" on the property, pursuant to 11 U.S.C. 522 (f), to the extent that it would impair his Exemption of the property.

50.  A "judicial lien" is defined under 11 U.S.C. 101 (36) as a "lien obtained by judgment … or by other legal or equitable process."

51.  Thus, the Judgment as to the Settlement Agreement imposed by the Bankruptcy Court on June 19, 2012, would be the "fixing of a judicial lien" on the 277 acre tract of land that can be Avoided by Debtor Yelverton under 11 U.S.C. 522 (f).

52. Debtor Yelverton owned the 277 acre tract of land until its coerced sale to Deborah Y. Marm on August 24, 2007, which was <u>prior</u> to the "fixing of the judicial lien" by the Bankruptcy Court on June 19, 2012. Thus, there is compliance with <u>Ferrey v. Sanderfoot</u>, 500 U.S. 291, 296 (1991), the Debtor must have owned the property interest at some point <u>before</u> the judicial lien attached to that interest.

53.  A Motion under 11 U.S.C. 522 (f) may be brought at anytime.  <u>In Re Yazzie</u>, 24 B.R., at 577-578.  There is moreover <u>no</u> requirement under FRBP, Rule 4003 (d), of an Adversary proceeding.  Rather, it must be done only by Motion as a contested matter.

54.   This is <u>not</u> a challenge to the Chapter 7 Trustee's Settlement Agreement with Deborah Y. Marm, and other <u>non</u>-Creditors and Bankruptcy "insiders," or a challenge to its "reasonableness."  Rather, this is an action to remove certain property from the Settlement, which is the 277 acre tract of land and the Avoidance claims for the fraudulent transfer to Marm.

55. There could be <u>no</u> prejudice to the Chapter 7 Trustee by an action under 11 U.S.C. 522 (f) because he is <u>not</u> receiving any compensation from the 277 acre tract of land. Deborah Y. Marm is <u>not</u> paying anything to the Trustee for her to receive this tract of land in the Settlement. The Trustee gets paid the same amount because the 277 acre tract of land was assigned <u>no</u> monetary value, and where value was only assigned to other property.

56.  There could be <u>no</u> prejudice to the Creditors because they are <u>not</u> receiving any re-payment of Debt from the 277 acre tract of land.

57.  There could be <u>no</u> prejudice to Deborah Y. Marm because she is <u>not</u> a Creditor, but rather a Bankruptcy "insider," who is receiving favored treatment that is prohibited by the Bankruptcy Code under the requirement of "equitable" distribution of property of the Estate to the Creditors.

58. There could be <u>no</u> prejudice as to the post-Settlement because the 277 acre tract of land has <u>not</u> been sold to an innocent third-party purchaser for value, but rather remains in the possession of Deborah Y. Marm.

17

59. If the 277 acre tract of land and the Avoidance claims are <u>not</u> property of the Estate, then this property could <u>not</u> have been included in the Chapter 7 Trustee's Settlement Agreement with Deborah Y. Marm.

60. The purpose of 11 U.S.C. 522 is to facilitate the Debtor's "fresh start" from Bankruptcy, and thus its provisions must be given a "broad" interpretation for the benefit of the Debtor. <u>In Re Johnson</u>, 57 B.R. 635, 639 (N.D. Ill. 1986).

61. Under the established law of the D.C. Circuit, a filing is "frivolous" <u>only</u> if there are "undisputedly <u>absent</u> any facts and law in support," and <u>not</u> just a <u>disagreement</u> with the alleged facts and the arguments made. <u>Sills v. Bureau</u>, 761 F.2d 792, 794-795 (D.C. Cir. 1985), which relies upon <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). See also, <u>In Re Powell</u>, 851 F.2d 427, 430-431 (D.C. Cir. 1988).

62. The Debtor has presented colorable facts and law to support his claims under 11 U.S.C. 522, which must be addressed on the merits.

63. Any recovery by Debtor Yelverton under 11 U.S.C. 522 would be used to pay Creditor claims that the Chapter 7 Trustee <u>refused</u> to pay. This includes claims of Yelverton's former Spouse, Alexandra Nicole Senyi de Nagy-Unyom, of over $1 Million, who is a <u>priority</u> <u>Non</u>-Discharged Creditor for Domestic Support, but has been paid <u>nothing</u> by the Trustee.

Conclusions and Request for Relief

WHEREFORE, in view of the foregoing, it is requested that the decisions of the Bankruptcy Court and the District Court be Vacated, and this Appeal be Remanded for a fair and just determination on the merits. The claims of the Debtor are well within the bounds of reasonable advocacy under the facts and under the statutory law and Supreme Court precedent with respect to 11 U.S.C. 541 and 11 U.S.C. 522.

This the 3rd day of October, 2016,

Respectfully submitted,

/s/

Stephen Thomas Yelverton, *Pro Se*
3303 Wilson Blvd., Suite E-117
Arlington, VA  22201
Tel. 202-702-6708 (mobile)
E-Mail  styelv@ol.com

Certificate of Compliance with Word Count

I, Stephen Thomas Yelverton, *Pro Se*, hereby certify that this Appellant Brief complies with FRAP, Rule 32 (a)(7)(B)(i), and D.C. Circuit Rule 32 (e), by the Brief containing less than 5,000 words, where the maximum number of words allowed is 14,000.

/s/

Stephen Thomas Yelverton, *Pro Se*

<u>Certificate of Service</u>

I, Stephen Thomas Yelverton, *Pro Se*, hereby certify that on the 3rd day of October, 2016, a copy of this Appellant Brief and Appendix was served by E-Mail or ECF to the following:

Bradley David Jones, Esq.,
Office of United States Trustee
115 South Union St., Suite 210
Alexandria, VA 22314

Wendell W. Webster, Esq., Chapter 7 Trustee, Appellee
Natalie S. Walker, Esq.,
1775 K St., N.W., Suite 600
Washington, DC 20005

Jeffrey L. Tarkenton, Esq.,
Womble Carlyle, Sandridge & Rice, PLLC
1200 Nineteenth St., N.W., Fifth Floor
Washington, DC 20005
Counsel for Appellees Phyllis Y. Edmundson and Deborah Y. Marm

/s/
Stephen Thomas Yelverton, *Pro Se*

## APPENDIX INDEX

Page

Exhibit 1 ……………………………………………………….     22

     Deed to Debtor and his Spouse, dated June 4, 2007,
      for the 277 acre tract of land as Tenants by the Entireties

Exhibit 2 ……………………………………………………     23

     Deeds by Debtor and his Spouse, dated August 24, 2007,
      for direct conveyance of the 277 acre tract of land
      to Deborah Y. Marm

Pertinent Statutes and Rules

     11 U.S.C. 101 (36) ………………………………………….     24

     11 U.S.C. 522 ……………………………………………….     25

     11 U.S.C. 541 ……………………………………………...     26

     11 U.S.C. 548 ……………………………………………….     27

     11 U.S.C. 550 ……………………………………………….     28

     Federal Rules of Bankruptcy Procedure,
      Rule 4003 (d) ………………………………………….     29

EXHIBIT 1

Tenants by the Entireties Deed, dated June 4, 2007

EXHIBIT 2

Direct Conveyance to Deborah Y. Marm, dated August 24, 2007,
from the Debtor and his Spouse

11 U.S.C. 101 (36)

11 U.S.C. 522

11 U.S.C. 541

11 U.S.C. 548

11 U.S.C. 550

FEDERAL RULES OF BANKRUTPCY PROCEDURE

Rule 4003 (d)